```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Matthew Gabriel, f/k/a            :
Matta Ghobreyal,                  :
                                  :
        Plaintiff,                :
                                  :
   v.                             :    Case No. 2:12-cv-14
                                  :
Albany College of Pharmacy        :
and Health Sciences –             :
Vermont Campus (ACPHS),           :
Professor Dorothy Pumo,           :
Ronald A. DeBellis, Dean          :
Robert Hamilton, Assistant        :
Professor Joanna Schwartz,        :
Jason Long, Melissa Long,         :
Professor Stefan Balaz,           :
President Dr. James J.            :
Gozzo, Associate Dean John        :
Denio, Dr. Peter J.               :
Cornish, Professor Gail           :
Goodman Snitkoff, Gerald          :
Katzman, Accreditation            :
Council of Pharmacy               :
Education (ACPE), Peter           :
H. Vlasses, Lindsay M.            :
Antikainen,                       :
                                  :
        Defendants.                :

          OPINION AND ORDER ON RULE 54(b) MOTION
                       (Doc. 94)

     Defendants Accreditation Council of Pharmacy Education

("ACPE"), Peter H. Vlasses, and Lindsay M. Antikainen

(collectively "ACPE Defendants") move for an entry of final

judgment with respect to claims asserted against them by *pro*

*se* plaintiff Matthew Gabriel, citing Federal Rule of Civil

Procedure 54(b) (Doc. 94). Gabriel has not filed a response. For the reasons set forth below, the ACPE Defendants' motion for entry of partial final judgment is DENIED.

## Background

Gabriel's claims arise from his tenure as a student at the Vermont campus of the Albany College of Pharmacy and Health Sciences ("ACPHS" or "College"). He alleges a charge of plagiarism brought against him by one of his professors (later withdrawn) was discriminatory and resulted in physical, psychological, and monetary harm. In addition to naming ACPHS, together with several of its administrators, professors, students, and General Counsel as Defendants (collectively "ACPHS Defendants"), Gabriel alleges related against the ACPE Defendants, who include the entity responsible for accrediting ACPHS, as well as ACPE's Executive Director and Accreditation Facilitator. Gabriel alleges that he complained to ACPE about the treatment he received at ACPHS no to avail.

Upon granting Defendants' initial motions to dismiss (Doc. 51), this Court gave leave for Gabriel to file a Second Amended Complaint.  The Second Amended Complaint(Doc. 58) alleges discrimination under 42 U.S.C. § 1981 against both the ACPHS Defendants and the APCE Defendants, Federal

Title VI and state law breach of contract claims against the ACPHS Defendants, and common law negligence against the ACPE Defendants.  The basis of Gabriel's discrimination claims is his national origin (Egyptian) and religion (Coptic Christian).

This Court granted in part and denied in part the renewed motion to dismiss filed by the ACPHS defendants (Doc. 60) and granted the renewed motion to dismiss filed by the ACPE defendants (Doc. 59), thereby dismissing all claims against ACPE, Lindsay Antikainen, and Peter Vlasses (Doc. 70).

## Discussion

ACPE Defendants seek entry of final judgment pursuant to Rule 54 (b) with respect to the claims asserted against them, because the remaining claims against the ACPHS defendants "are unaffected by the presence or absence of the ACPE Defendants." (Doc. 94 at 2).

"[T]here is a historic federal policy against piecemeal appeals.  Thus, in the federal district courts, the entry of a final judgment is generally appropriate only after all claims have been adjudicated." *Novick v. AXA Network, LLC*, 642 F.3d 304, 3010 (2d Cir. 2011 (internal quotations and citations omitted).  Rule 54(b) is an exception, allowing

the court to "direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

The Second Circuit has directed district courts not to grant Rule 54 (b) motions "if the same or closely related issues remain to be litigated" because "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues." *Novick*, 642 F.3d at 311 (internal quotations and citations omitted).

Rule 54 (b) motions should only be granted "in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Citizens Accord, Inc. V. Town of Rochester*, 235 F.3d 126, 128-29 (2d Cir. 2000) (per curiam) (internal citations and quotations marks omitted). Therefore, the district court's discretion to grant a Rule 54(b) motion should only be used "sparingly." *Novick*, at 310.

In the present case, the ACPE Defendants have not

sufficiently shown a danger of hardship or injustice would result from awaiting final disposition of the remaining claims. Final entry of judgment should be delayed until the entire matter is resolved, because Gabriel's claims arise from the same intertwined set of facts and circumstances and allege similar patterns of discrimination under Section 1981 against all defendants. Therefore, in order to prevent uneven results should the matter be appealed, the Court exercises its discretion to deny the ACPE Defendants' motion for entry of partial final judgment.

## CONCLUSION

The Motion for Entry of Partial Final Judgment filed by Defendants ACPE, Peter H. Vlasses, and Lindsay M. Antikainen (Doc. 94) is DENIED.


Dated at Burlington, in the District of Vermont, this 15th day of January, 2014.

                                        /s/ William K. Sessions III
                                        William K. Sessions III
                                        Judge, United States District Court