UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Matthew Gabriel, f/k/a Matta Ghobreyal,

Plaintiff,

v.

Albany College of Pharmacy and Health Sciences - Vermont Campus (ACPHS), Professor Dorothy Pumo, Ronald A. DeBellis, Dean Robert Hamilton, Assistant Professor Joanna Schwartz, Jason Long, Melissa Long, Professor Stefan Balaz, President Dr. James J. Gozzo, Associate Dean John Denio, Dr. Peter J. Cornish, Professor Gail Goodman Snitkoff, Gerald Katzman, Accreditation Council of Pharmacy Education (ACPE), Peter H. Vlasses, Lindsay M. Antikainen,

Defendants.

Case No. 2:12-cv-14

OPINION AND ORDER REGARDING PLAINTIFF'S MOTIONS TO QUASH AND MOTIONS FOR PROTECTIVE ORDERS
(Docs. 124, 128, 129)

Pending before the Court are three motions filed by *pro se* Plaintiff, Matthew Gabriel, pertaining to depositions and document production sought by Defendants Albany College of Pharmacy and Health Sciences - Vermont Campus ("ACPHS"),

Professor Dorothy Pumo, Ronald A. DeBellis, Dean Robert Hamilton, Assistant Professor Joanna Schwartz, Jason Long, Melissa Long, Professor Stefan Balaz, President Dr. James J. Gozzo, Associate Dean John Denio, Dr. Peter Cornish, Professor Gail Goodman Snitkoff, and Gerald Katzman (collectively, "ACPHS Defendants").

Gabriel's suit arises from his tenure as a student at the Vermont campus of ACPHS. Gabriel's Second Amended Complaint(Doc. 58) names ACPHS together with several of its administrators, professors, students, and General Counsel, (the remaining ACPHS Defendants), alleging Federal discrimination claims brought pursuant to 42 U.S.C. § 1981 and Federal Title VI, 42 U.S.C. § 2000d, et seq. All other claims, including Gabriel's state law claims, have been dismissed. (Doc. 70.) Gabriel alleges that physical and psychological harm resulted from Defendants' discriminatory conduct, as well as lost wages and other economic damages. (Doc. 58 at 38-39.)

Gabriel now moves to quash several deposition subpoenas ad testificandum and duces tecum issued by Defendants ordering Gabriel's mental health providers (Marissa Robbins, LMHC, Dr. Richard W. Ober, M.D., and Dr. Sachin Phansalkar,

M.D.) to appear and give testimony on July 9, 2014 and to produce copies of Gabriel's mental health treatment records. (Docs. 124 and 129.) Gabriel also seeks protective orders "to prevent the defendants from attempting to obtain plaintiff's medical records in the future, in violation of the plaintiff's medical privileges." *Id.* Additionally, Gabriel moves for a protective order and to quash Defendants' Notice of Deposition for Gabriel's own deposition in Providence, Rhode Island on July 14, 2014 (Doc. 128.)

## I. Plaintiff's Motions to Quash Subpoenas and Motions for Protective Orders with Respect to Mental Health Treatment Provider Depositions

Gabriel's pending motions to quash the subpoenas issued to Ms. Robbins and Dr. Ober (Doc. 124) and Dr. Phansalkar (Doc. 129) are brought pursuant to Fed. R. Civ. P. 45 (d)(3)(A), and the accompanying motions for protective orders limiting discovery of his treatment records are brought pursuant to Fed. R. Civ. P. 26(c).

Under Rule 45, the Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Fed. R. Civ. P. 45. Rule 26(c) provides that,

"[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense" and authorizes the Court to issue orders narrowing the time, scope, and manner of discovery. *See* Fed. R. Civ. P. 26(c)(1).

Gabriel argues that the material sought by Defendants is protected by the psychotherapist-patient privilege, "HIPAA laws," and the civil rules. He also argues that ordering his providers to produce treatment records is unnecessary and imposes an undue burden because he has already produced the records in question. Gabriel has filed with the Court documents purporting to constitute all of the treatment records created by Ms. Robbins and Mr. Ober. (Doc. 124, Exhibits G and L.) Defendants argue that Gabriel waived any privilege he may have with respect to his communications with these providers by placing his psychological condition at issue and alleging that psychological harm resulted from Defendants' conduct. (Doc. 127.)

Federal Rule of Evidence 501 provides that claims of privilege are governed by federal common law, unless superceded by federal statutory or constitutional law or if

"state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *See* Fed. R. Evid. 501. Because Gabriel's remaining causes of action arise under federal law, federal common law applies to Gabriel's privilege claim.

The United States Supreme Court has recognized a "psychotherapist-patient privilege" which protects "confidential communications made to licensed psychiatrists and psychologists." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *see also Forunati v. Campagne*, No. 1:07-CV-143, 2009 WL 1350406 at *2 (D. Vt. May 12, 2009). The *Jaffee* court also acknowledged that, "[l]ike other testimonial privileges, the patient may of course waive the protection." *Id.* at 15 n. 14.

A waiver of psychotherapist-patient privilege may be express or implied. *See Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008). Implied waiver can occur where a plaintiff places his medical condition directly at issue in the litigation. *See Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000); *see also Sidor v. Reno*, No. 95 Civ. 9588(KMW) 1998 WL 164823 at *2 (S.D.N.Y. April 7, 1998) (where mental state at issue, opponent entitled to inquire

into present and past communications between psychotherapist and patient). The Second Circuit has adopted a narrow view of implied waiver, requiring that the plaintiff's claim extend beyond more than a "garden variety" claim for emotional distress or so-called "pain and suffering" damages. *Sims*, 534 F.3d at 133-35. However, where the plaintiff seeks compensation for "serious psychological injuries," he generally is deemed to have waived the privilege. *Kunstler v. City of New York*, No. 04CIV1145(RWS)(MHD), 2006 WL 2156625 *7 (S.D.N.Y. Aug. 29, 2006) (compiling cases).

Here, Gabriel alleges that Defendants' conduct caused or "triggered" a generalized anxiety disorder, which he also relates to his economic damages claim because the condition impeded his ability to pursue his pharmacy degree. (Doc. 124 at 3.) Unlike a non-specific claim for "emotional harm" or "pain and suffering," Gabriel alleges that he now suffers from a diagnosed mental health condition that is causally-connected to Defendants' conduct. By placing his mental health diagnosis and its source at issue, Gabriel waived any psychotherapist-patient privilege that might otherwise arise from his treatment relationships with Ms. Robbins, Dr. Ober,

and Dr. Phansalkar. Furthermore, Gabriel expressly waived the privilege when he filed his treatment records with the Court and served copies on Defendants. *See Tavares v. Lawrence and Memorial Hosp.*, No. 3:11-CV-770, 2012 WL 4321961 (D. Ct. Sept. 20, 2012) (privilege expressly waived by providing release forms for mental health provider at issue).

To the extent Gabriel argues that appearing at a deposition or producing documents would subject these non-party witnesses to an "undue burden," contrary to Fed. R. Civ. P. 45(d)(3)(A)(iv), he lacks standing to bring these arguments on their behalf. *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness.") (citation omitted).

Likewise, Gabriel has not shown good cause that a protective order limiting these non-party witnesses' deposition testimony is necessary to prevent "annoyance, embarrassment, oppression, or undue burden or expense" per Fed. R. Civ. P. 26(c)(1).

Therefore, Gabriel's Motion to Quash Defendants'

Subpoena and Motion for Protective Order with respect to Marissa Robbins, LMHC, and Dr. Richard W. Ober, Ph.D (Doc. 124) and Motion to Quash Defendants' Subpoena and Motion for Protective Order with respect to Dr. Sachin Phansalkar, M.D. (Doc. 129) both are DENIED.[1]

Although it appears that Gabriel has already produced most, if not all, of the mental health treatment records which constitute the primary subject of his motions, Gabriel "may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting" the privilege with respect to as-yet-undisclosed communications. *See Sims*, 534 F.3d at 134. In the event Defendants seek further discovery from other non-party mental health treatment providers, Gabriel retains the option of forfeiting his psychological damage claims and seeking an order limiting the scope of discovery as permitted under the Federal Rules of Civil Procedure.

---

[1]The Court does not take up Gabriel's argument that the documents sought by Defendants are protected by the Health Insurance Portability and Accountability Act of 1996("HIPAA"), 42 U.S.C. § 300gg-22 and 29 U.S.C. § 1181 *et seq*., because HIPAA does not modify the federal evidentiary rules or otherwise supply an independent grounds for privilege. *See also Warren Pearl Const. Corp. v. Gardian Life Ins. Co.,* 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (HIPAA provide an express or implied private right of action) (citing cases).

II. Plaintiff's Motion for Protective Order and Motion to Quash Notice of Plaintiff's Deposition

Gabriel also seeks a protective order pursuant to Fed. R. Civ. P. 26(c)(1) and moves to quash[2] Defendants' Notice of Deposition regarding Gabriel's deposition set for July 14, 2014 in Providence, Rhode Island (Doc. 128.) Gabriel argues that he has already produced "all the materials that the defendants need to assess his medical injuries claims," and that "he speaks and writes English as a second language." He also argues that counsel for Defendants sent the Notice of Deposition via email on July 1, 2014, and therefore Defendants did not provide notice 14-days in advance, contrary to Fed. R. Civ. P. 32(a)(5)(A). Gabriel generally requests "protection in regards to his deposition" and "necessary order/decisions in that regard."

Fed. R. Civ. P. 26(c)(1) requires the party seeking a

[2]In this instance, the Court construes Gabriel's Motion for Protective Order and Motion to Quash as one-and-the-same. Defendant's did not serve notice of Gabriel's deposition by subpoena, pursuant to Fed. R. Civ. P. 45, because Gabriel is a party. *Pegoraro v. Marrero*, No. 10 Civ. 00051 (AJN)(KNF), 2012 WL 1948887 at *6 (S.D.N.Y. May 29, 2012). Regardless, "[w]hen a subpoena to testify at a deposition or a subpoena to testify at a deposition and bring documents, is served on any person, Rule 30, not Rule 45, of the Federal Rules of Civil Procedure, governs the notice requirement . . . ." *Cole v. City of New York*, No. 10 Civ. 5308(BSJ)(KNF), 2012 WL 1138570 at *3 (S.D.N.Y. Apr. 5, 2012).

protective order limiting discovery to show good cause for the request. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person . . .") As a general rule, especially where factual issues remain in dispute, "the defendant is entitled to depose the plaintiff face-to-face in order to adequately prepare for trial." *Clem v. Allied Van Lines, Intern. Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y. 1984). Gabriel's extensive filings in this matter demonstrate that he has sufficient command of the English language such that his language skills do not constitute good cause for entirely suspending his deposition. *See Agiwai v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (filings and court appearances that demonstrate fluency in written English do not excuse failure to comply with discovery).

Likewise, the timing of the Notice of Deposition does not excuse Gabriel's compliance. In support of his argument, Gabriel cites Rule 32(a)(5)(A), governing the use of deposition testimony in court proceedings. *See* Fed. R. Civ. P. 32(a)(5)(A). This rule merely requires that under certain circumstances, where a party receives less than 14-days' notice of a deposition and moves for a protective

order, the deposition cannot be used against that party at trial.[3] Rule 32(a)(5)(A) does not bear upon whether the deposition may be taken.

Instead, Rule 30(b)(1) requires the party conducting the deposition to provide all other parties with "reasonable written notice." The Rules do not further define "reasonable," however, "many courts have found fourteen days from the date of service as presumptively reasonable." *Brown v. Hendler*, No. 09 Civ. 4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 30, 2011). Reasonableness "is fact specific and is determined based on the circumstances and complexities of the particular case." *See* Federal Civil Rules Handbook, Baicker-McKee, Janssen, Corr (Thompson-West 2008) (citing cases).

While the Court is cognizant of the fact that Gabriel is a *pro se* litigant, he does not claim that the timing of the notice he received will impede his preparation or

---

[3]More specifically, the Rule provides:

> A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place–and this motion was still pending when the deposition was taken.

Fed. R. Civ. P. 32(a)(5)(A).

otherwise prejudice his case. Nor does he argue that the date (or the time or location, for that matter) will inconvenience him in any way. Instead, the focus of Gabriel's memorandum appears to be his desire to avoid being deposed. Under these circumstances, the Court cannot conclude that thirteen-days' notice is unreasonable.

In sum, Gabriel has not shown good cause necessary to limit the subject matter of the deposition, to suspend the deposition entirely, nor has he provided sufficient grounds for the Court to conclude that Gabriel did not receive reasonable written notice, as required by Fed. R. Civ. P 30(b)(1). Therefore, Gabriel's Motion for Protective Order and Motion to Quash Notice of Deposition with respect to the deposition set for July 14, 2014 (Doc. 128) is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Quash Defendants' Subpoena and Motion for Protective Order with respect to Marissa Robbins, LMHC, and Dr. Richard W. Ober, Ph.D (Doc. 124) and Motion to Quash Defendants' Subpoena and Motion for Protective Order with respect to Dr. Sachin Phansalkar, M.D. (Doc. 129) are DENIED. Plaintiff's Motion for Protective Order and Motion to Quash Notice of

Deposition with respect to his deposition on July 14, 2014 (Doc. 128) is DENIED.

Dated at Burlington, in the District of Vermont, this 10th day of July, 2014.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court